# RAMSEY *vs.* THE STATE.

[INDICTMENT FOR FURNISHING A KEY TO PRISONERS IN COUNTY JAIL, WITH INTENT TO FACILITATE THEIR ESCAPE.]

1. *Indictment under* § 3573 *of Revised Code; when defective.*—An indictment under section 3573 of the Revised Code, that does not find that the disguise, instrument, arms or other thing, conveyed into a county jail, or other lawful place of confinement, with the intent to facilitate the escape of prisoners, *is useful to aid prisoners to escape*, is defective and insufficient.

Ramsey v. The State.

2. *Same ; judgment on conviction under, when will be arrested.*—A judgment on a conviction, under an indictment, that omits to find that the disguise, instrument, arms or other thing, so conveyed into jail, &c., is useful to aid prisoners to escape, will be arrested on motion of the accused.

APPEAL from the Circuit Court of Bullock.
Tried before the Hon. J. McCALEB WILEY.

The facts appear fully in the opinion.

J. N. ARRINGTON, for appellant.—The motion to arrest the judgment ought to have been sustained, because the indictment is defective in not alleging that the key conveyed into the jail, by the prisoner, was an instrument useful to aid the prisoners confined therein to escape.—Penal Code, § 3573, (32 ;) *Anthony v. The State*, 29 Ala. 27, and the authorities there cited ; Bish. Crim. Law, vol. 1, §§ 518, 523.

JOSHUA MORSE, Attorney-General, *contra*.

PECK, C. J.—The indictment in this case is found under section 3573 of the Revised Code, which is in the following words : " Any person who conveys into the county jail, or into any other lawful place of confinement, any disguise, instrument, arms, or other thing useful to aid any prisoner to escape, with the intent to facilitate the escape of any prisoner, therein lawfully confined, under a charge, or conviction of felony," &c.

The indictment states, that the appellant, before the finding of said indictment, conveyed into the jail of Bullock county, a key, or other instrument, with the intent to facilitate the escape of J. E. Eubanks, who was charged with robbery, and of two other prisoners, named, who were charged with murder, who were lawfully confined in said jail, under the charges aforesaid, &c. But said indictment fails to find that said key, or other instrument so conveyed into said jail, *was useful* to aid any prisoner to escape, &c.

The appellant was tried on this indictment and convicted, and before the sentence was pronounced, he moved the court to arrest the judgment for the following causes, to-wit ;

"1. The indictment is defective in this, that it does not allege that the key or other instrument was useful to aid the prisoners to escape.

2. That the indictment does not allege the means furnished the prisoners under a *videlicet*.

3. The indictment is defective in not alleging that the defendant knew that the prisoners named in the indictment were lawfully confined in the jail, under the charges specified in the indictment.

'4. That the indictment charges no offense against the laws of the State of Alabama."

The court overruled the motion, and the accused was sentenced to be confined in the penitentiary for the period of two years; and, thereupon, he excepted to the decision of the court, overruling his motion to arrest the judgment.

We think the indictment fatally defective, in omitting to find the key or other instrument, was useful to aid the prisoners to escape.

Unless the key, or other instrument, was useful for that purpose, it was no offense to convey either, or both of them into the jail, and there could be, legally, no conviction, without proving that fact.

The court should therefore have arrested the judgment, for the first reason assigned, and for refusing to do so, the judgment must be reversed, and the cause remanded for a new trial.